## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

COLONY INSURANCE COMPANY,

    Plaintiff,

vs.                             CASE NO. CV-08-J-1961-NW

DONALD POTTER, et al.,

    Defendants.

### MEMORANDUM OPINION

Pending before the court is defendant Donald Potter's motion to dismiss for lack of jurisdiction (doc. 34) and the plaintiff's response thereto (doc. 35). Having considered said motion and response, as well as the applicable law, the court finds as follows:

This declaratory judgment action, brought in this court based on diversity jurisdiction, seeks a ruling by plaintiff that it has no liability to defend or indemnify defendants based on a Commercial General Liability policy of insurance it issued to Vicky Traffanstedt d/b/a/ Something Fishy & Pop-A-Top, Inc., in an action brought by defendant Potter in state court.[1] *See* amended complaint (doc. 31), ¶¶ 17, 22. In that underlying state court action, defendant Donald Potter, the plaintiff there, seeks to recover for injuries he received in a bar fight with defendant Phillip A. Terry. *See*

---

[1] The named insured was later amended by endorsement to read "Something Fishy, II, Inc." Amended complaint, ¶ 18. Plaintiff Colony Insurance asserts no such corporation was ever formed. *Id.*

amended complaint (doc. 31), at ¶ 15.  He seeks compensatory damages for his medical bills, damages for pain and suffering, permanent injuries, mental anguish, and lost wages among other alleged losses.  The original state court complaint set forth no amount certain the plaintiff sought to recover.  Although the medical bills incurred by Potter exceed the sum of $100,000.00, the state court plaintiff recently amended his state court complaint to limit his claim to "$74,000.00, exclusive of costs, regardless of whether any award is comprised of compensatory damages, punitive damages or any combination thereof."  Second Amended Complaint, filed as Exhibit A to motion to dismiss (doc. 34).  *See also* Potter's responses to Request for Admission, submitted as docs. 32 and 33).

After so amending his state court complaint, defendant Potter filed the current motion to dismiss this declaratory judgment action on the basis that this court lacks subject matter jurisdiction.  To maintain diversity jurisdiction, the parties must be "citizens of different States" and "the matter in controversy [must] exceed the sum or value of $75,000.00, exclusive of interests and costs."  *See e.g., Morrison v. Allstate Indemnity Company*, 228 F.3d 1255, 1261 (11th Cir.2000).  In a diversity action, "the court is obligated to assure itself that the case involves the requisite amount in controversy."  *Id., citing Laughlin v. Kmart Corp.*, 50 F.3d 871, 873-74 (10th Cir.1995).  "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed.R.Civ.P. 12(h)(3); see also *Morrison*, 228 F.3d at 1261.

In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc*., 120 F.3d 216, 218-20 (11th Cir.1997).   The amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir.1998).   In other words, this declaratory judgment action can be worth no more than the value of the state court litigation.

The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. *See, e.g., Smith v. Sperling*, 354 U.S. 91, 93, n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957).  Like most general principles, however, this one is susceptible to exceptions.  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (parallel citations omitted).  Thus, events subsequent to filing the complaint that reduce the amount in controversy below the statutory minimum set forth in 28 U.S.C. § 1332 do not, ordinarily, require dismissal.  *State Farm Mutual Auto. Ins. Co. v. Powell*, 87 F.3d 93, 97 (3rd Cir.1996). However, the "distinction must be made between subsequent events that change the amount in controversy and subsequent *revelations* that, in fact, the required amount

3

was or was not in controversy at the commencement of the action." *Id* (emphases in original).

The "subsequent revelation" exception (i.e., subsequent revelations show there was never jurisdiction in the first place) stems from *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938), and allows courts to look beyond the allegations of the complaint when subsequent events reveal that the amount actually in controversy at the time of filing was less than the threshold amount. As the United States Supreme Court stated in *Red Cab*:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.... [I] f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co.*, 303 U.S. at 289-90.

Given the above legal criteria, this court concludes that the amended complaint filed in the state court action underlying this one is more akin to a "subsequent revelation" than a "subsequent event." Because the original complaint did not specify

any amount the plaintiff sought to recover, the amended complaint is in the nature of a clarification.

The plaintiff insurer does not assert in its response to the defendant's motion to dismiss that more than this court's jurisdictional minimum is at issue, but only that this court can only consider whether the amount in controversy was met that the time this lawsuit was filed.  Most notably, the insurer avoids any argument that should Donald Potter prevail in state court, it will be obligated to pay more than $74,000.00. Although the court owes some deference to the plaintiff insurer's assertion regarding the amount in controversy, "that deference does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations." *Morrison*, 228 F.3d at 1272.

Here the insurer does not even assert that more than $75,000.00 is in controversy.  Rather, it asserts only that the court cannot consider defendant Potter's amendment to his state court complaint that he does not seek more than $74,000.00. Further convincing the court that it is presented with a "subsequent revelation" rather than a "subsequent event" is the analogy to this same situation arising in the context of a removal from state court.  In that situation, this court may consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal.  *Williams v. Best Buys*, 269 F.3d 1316, 1319 (11th Cir. 2001); citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Thus, had the

5

underlying plaintiff filed such an amendment in the context of a removal, this court would remand the action.  Simply because this case was originally filed in federal court rather than removed from state court should not change the question of whether this court has jurisdiction.  When it is apparent, to a legal certainty that the plaintiff cannot recover the requisite amount in controversy, the court must dismiss the action. *See e.g., Burns v. Anderson*, 502 F.2d 970, 972 (5th Cir.1974).  Therefore, the court has considered the amended complaint asserting that the state court plaintiff "specifically limits his claim to the monetary amount of $74,000.00...." and has concluded that this subsequent revelation confirms that this court lacks jurisdiction.

Having considered the foregoing, and being of the opinion that defendant Potter's motion to dismiss is due to be granted;

It is therefore **ORDERED** by the court that said motion be and hereby is **GRANTED**.  This case is **DISMISSED WITHOUT PREJUDICE** for refiling in the appropriate forum.  Each party is to bear its own costs.

**DONE** and **ORDERED** this the 3rd  day of March, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

6